EAG:MEL/EMR
F.#2018R01374

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ARCELIA HERNANDEZ-VELAZQUEZ,
   also known as "La Gordis,"
ERNESTO HERNANDEZ-VELAZQUEZ,
   also known as "Chapas,"



             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SUPERSEDING
INDICTMENT

Cr. No. 19-306 (S-1) (WFK)
(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i) and 1324(b); T. 18,
U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1),
982(a)(6), 982(b)(1), 1591(a)(1),
1591(a)(2), 1591(b)(1), 1594(c), 1594(d),
1952(a)(1)(A), 1952(b)(1), 1956(h),
1962(c), 1962(d), 1963, 1963(a),
1963(m), 2428, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

     At all times relevant to this Superseding Indictment, unless otherwise

indicated:

<u>The Enterprise</u>

1.      The defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis," ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," ██████████████████████████████████████████████████████ were members and associates of the Hernandez-Velazquez Trafficking Organization, a criminal organization that operated in Queens, New York; Atlanta, Georgia; and Charlotte, North Carolina, among other locations.   Members and associates of the Hernandez-Velazquez Trafficking Organization engaged in various forms of criminal activity, including but not limited to sex trafficking of women, prostitution, alien smuggling, alien harboring and money laundering.

2.      The Hernandez-Velazquez Trafficking Organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.   The Hernandez-Velazquez Trafficking Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## The Purposes of the Enterprise

3.    The purposes of the enterprise included the following:

(a)    Enriching the members and associates of the enterprise through criminal activity, including but not limited to sex trafficking of women, prostitution, alien smuggling, alien harboring and money laundering.

(b)    Promoting and enhancing the enterprise and the activities of its members and associates.

(c)    Preserving and protecting the enterprise through the use of intimidation, threats of violence and acts of violence, including assaults, to keep victims in fear.

(d)    Concealing the enterprise and the activities of its members and associates from law enforcement through criminal activity, including but not limited to money laundering, and threatening individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

## Means and Methods of the Enterprise

4.    Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

(a)    Members and associates of the enterprise used force, threats of force, fraud and coercion to cause young women from Mexico to engage in prostitution in the United States.

3

(b)    Members and associates of the enterprise arranged to smuggle young women into the United States, to transport them to Queens, New York; Atlanta, Georgia; Charlotte, North Carolina and elsewhere, and to harbor them at various locations.

(c)    Members and associates of the enterprise arranged to transport, and did transport, young women to engage in prostitution at brothels and other locations in various states, including but not limited to Alabama, Connecticut, Florida, Georgia, Louisiana, Maryland, Massachusetts, Mississippi, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, Tennessee and Virginia.

(d)    Members and associates of the enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities. Those activities included money laundering and threatening victims, who were perceived as potential witnesses against members and associates of the enterprise.

## COUNT ONE
(Racketeering)

5.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.    In or about and between March 2001 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis," ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas,"

together with others, being persons employed by and associated with the Hernandez-Velazquez Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of Hernandez-Velazquez Trafficking Organization through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

RACKETEERING ACT ONE
(Alien Smuggling Conspiracy)

7.     In or about and between March 2001 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, ERNESTO HERNANDEZ-VELAZQUEZ, together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such

5

violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

<u>RACKETEERING ACT TWO</u>
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #1)

8.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Two:

A.     <u>Sex Trafficking</u>

9.     In or about and between March 2001 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████████ ████████████ together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to

cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1) and 2.

B.  Interstate Prostitution

10.  In or about and between March 2001 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ and ████████████████████ ████████ together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.  Alien Smuggling

11.  In or about and between March 2001 and September 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, ████ ████████████████████████, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #1, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

## RACKETEERING ACT THREE
### (Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #2)

12.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Three:

A.     <u>Sex Trafficking</u>

13.     In or about and between January 2006 and September 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ERNESTO HERNANDEZ-VELAZQUEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1) and 2.

B.     <u>Interstate Prostitution</u>

14.     In or about and between January 2006 and September 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ and ERNESTO HERNANDEZ-VELAZQUEZ, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, to travel in interstate and foreign

commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.     Alien Smuggling

15.     In or about and between January 2006 and May 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ERNESTO HERNANDEZ-VELAZQUEZ, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT FOUR
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #3)

16.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Four:

A.     Sex Trafficking

17.     In or about and between January 2008 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERNESTO HERNANDEZ-VELAZQUEZ ███████████████ ████████ together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce,

9

and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1) and 2.

    B.    <u>Interstate Prostitution</u>

    18.    In or about and between January 2008 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERNESTO HERNANDEZ-VELAZQUEZ ███████████████ ██████ together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #3, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

    C.    <u>Alien Smuggling</u>

    19.    In or about and between January 2008 and June 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ERNESTO HERNANDEZ-VELAZQUEZ ███████████████ ██████ together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

## RACKETEERING ACT FIVE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #4)

20.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Five:

A.     Sex Trafficking

21.     In or about and between January 2009 and July 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ERNESTO HERNANDEZ-VELAZQUEZ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1) and 2.

B.     Interstate Prostitution

22.     In or about and between January 2009 to July 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, ERNESTO HERNANDEZ-VELAZQUEZ ▮▮▮▮▮▮▮▮▮▮▮▮ together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane

11

Doe #4, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    <u>Alien Smuggling</u>

23.    In or about and between January 2009 and May 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ERNESTO HERNANDEZ-VELAZQUEZ ████████████████, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #4, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SIX
(Sex Trafficking/ Interstate Prostitution/Alien Smuggling – Jane Doe #5)

24.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Six:

A.    <u>Sex Trafficking</u>

25.    In or about and between January 2013 and February 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, ████ ████████████████████████ together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of

value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1) and 2.

      B.    <u>Interstate Prostitution</u>

      26.    In or about and between January 2013 and February 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ ███████████████ ███████████ together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

      C.    <u>Alien Smuggling</u>

      27.    In or about and between January 2013 and January 2017, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, ████ ███████████████████████████████ together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

13

## RACKETEERING ACT SEVEN
### (Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #6)

28.   The defendant named below committed the following acts, either of

which alone constitutes Racketeering Act Seven:

A.    Sex Trafficking

29.   In or about and between March 2013 and December 2013, both dates

being approximate and inclusive, within the Northern District of Georgia and elsewhere, ███

████████████████████████████████████ together with others, did knowingly

and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person,

to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury, in and

affecting interstate and foreign commerce, and did benefit, financially and by receiving

anything of value, from participation in a venture which engaged in such acts, knowing that

force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more

commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1),

1591(a)(2), 1591(b)(1) and 2.

B.    Alien Smuggling

30.   In or about and between March 2013 and August 2013, both dates

being approximate and inclusive, within the Northern District of Georgia and elsewhere, ███

████████████████████████████████████ together with others, did knowingly

and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and

reside in the United States, knowing and in reckless disregard of the fact that such coming to,

entry and residence was and would be in violation of law, for the purpose of private financial

gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i)

and 1324(a)(1)(A)(v)(II).

## RACKETEERING ACT EIGHT
(Money Laundering Conspiracy/Distribution of Proceeds of a Prostitution Business)

31.     The defendants named below committed the following acts, either of

which alone constitutes Racketeering Act Eight:

A.     Money Laundering Conspiracy

32.     In or about and between March 2001 and August 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ARCELIA HERNANDEZ-VELAZQUEZ, ERNESTO HERNANDEZ-

VELAZQUEZ, ████████████████████████████

████████████ together with others, did knowingly and intentionally conspire to conduct

one or more financial transactions in and affecting interstate and foreign commerce, which in

fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex

trafficking, in violation of Title 18, United States Code, Section 1591; and (b) interstate

prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the

property involved in the financial transactions represented the proceeds of some form of

unlawful activity (a) with the intent to promote the carrying on of one or more specified

unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i),

and (b) knowing that the transactions were designed in whole and in part to conceal and

disguise the nature, the location, the source, the ownership and the control of the proceeds of

15

one or more specified unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h).

        B.      Distribution of Proceeds of a Prostitution Business

      33.    In or about and between March 2001 and August 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, ERNESTO HERNANDEZ-VELAZQUEZ, ██████████████████████████████████ ██████████ together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed an act to distribute the proceeds of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1) and 2.

     (Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

      34.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

      35.    In or about and between March 2001 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis,"

ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas,"

together with others, being persons

employed by and associated with the Hernandez-Velazquez Trafficking Organization, an

enterprise that engaged in, and the activities of which affected, interstate and foreign

commerce, did knowingly and intentionally conspire to violate Title 18, United States Code,

Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of

the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18,

United States Code, Sections 1961(1) and 1961(5).

36.     The pattern of racketeering activity through which the defendants

ARCELIA HERNANDEZ-VELAZQUEZ, ERNESTO HERNANDEZ-VELAZQUEZ,

agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraphs

seven through 33 of Count One of this Superseding Indictment, as Racketeering Acts One

through Eight, which are realleged and incorporated as if fully set forth herein.   Each

defendant agreed that a conspirator would commit at least two acts of racketeering in the

conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
### (Sex Trafficking Conspiracy)

37.     In or about and between March 2001 and September 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis,"

ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," ███████████

███████████████████████████████████████████████████

███████████████████████████████ together with others, did knowingly and

intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by

any means one or more persons, in and affecting interstate and foreign commerce, and to

benefit, financially and by receiving anything of value, from participation in a venture that

engaged in such acts, knowing, and in reckless disregard of the fact, that means of force,

threats of force, fraud, coercion and a combination of such means would be used to cause

such persons to engage in one or more commercial sex acts, contrary to Title 18, United

States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT FOUR
### (Alien Smuggling Conspiracy)

38.     In or about and between March 2001 and September 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis,"

ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas,"

together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
### (Interstate Prostitution Conspiracy)

39.     In or about and between March 2001 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis," ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," ██████████████████████████████████████████████████████████████████████████████ together with others, did knowingly and intentionally conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate and foreign commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

40.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, ERNESTO HERNANDEZ-VELAZQUEZ, ████████████████████████████████████████████████████████ together with others, did commit and cause the commission of, among others, the following:

### OVERT ACTS

(a)     In or about and between March 2005 and January 2007, the defendant ARCELIA HERNANDEZ-VELAZQUEZ, together with others, transported, and arranged to transport, Jane Doe #1 to travel to cities outside of New York to engage in prostitution.

20

(b)  In or about and between January 2006 and May 2007, the
defendant ERNESTO HERNANDEZ-VELAZQUEZ, together with others, transported, and
arranged to transport, Jane Doe #2 from Mexico to Queens, New York, to engage in
prostitution.

(c)  In or about and between June 2009 and September 2014, █████
██████████████████████████████████████ together with others, transported, and
arranged to transport, Jane Doe #3 to travel to cities outside of New York to engage in
prostitution.

(d)  In or about and between January 2017 and February 2018, █████
██████████████████████████ together with others, transported, and
arranged to transport, Jane Doe #5 to travel to cities outside of Atlanta, Georgia, to engage in
prostitution.

(Title 18, United States Code, Sections 371 and 3551 et seq.)





## COUNT SEVEN
(Sex Trafficking – Jane Doe #2)

42.     In or about and between January 2006 and September 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking – Jane Doe #3)

43.    In or about and between January 2008 and September 2014, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," ███████

████████████████████████████████████ together with others, did knowingly and

intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to

wit: Jane Doe #3, in and affecting interstate and foreign commerce, and did benefit,

financially and by receiving anything of value, from participation in a venture which engaged

in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #3 to

engage in one or more commercial sex acts, which offense was effected by means of force,

fraud and coercion.

    (Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2

and 3551 et seq.)

## COUNT NINE
(Sex Trafficking – Jane Doe #4)

44.    In or about and between January 2009 and July 2015, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," ███████

████████████████████████████████████

████ together with others, did knowingly and intentionally recruit, entice, harbor,

transport, provide and obtain by any means a person, to wit: Jane Doe #4, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)



## COUNT ELEVEN
(Money Laundering Conspiracy)

46.     In or about and between March 2001 and August 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis,"

ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas,"

together with others, did knowingly and

intentionally conspire to conduct one or more financial transactions in and affecting interstate

and foreign commerce, which in fact involved the proceeds of one or more specified

unlawful activities, to wit: (a) sex trafficking, in violation of Title 18, United States Code,

Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code,

Section 2422, knowing that the property involved in the financial transactions represented

the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on

of one or more specified unlawful activities, and (b) knowing that the transactions were

designed in whole and in part to conceal and disguise the nature, the location, the source, the

ownership and the control of the proceeds of one or more specified unlawful activities,

contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

25

## COUNT TWELVE
(Distribution of Proceeds of a Prostitution Business)

47.    In or about and between March 2001 and August 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis," ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas," ███████████ ██████████████████████████████████████████████████████ ██████████████████████████ together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

48.    The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which

26

requires any person convicted of such offenses to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

      49.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE AND SIX THROUGH TEN

50.  The United States hereby gives notice to the defendants charged in Counts Three and Six through Ten, that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d) of (a) any property, real or personal, that was involved in, used or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

51.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT FOUR

52. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Four, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offense; (b) any property, real or personal, that constitutes or is derived from, or is traceable to the proceeds obtained, directly or indirectly, from the commission of such offense; (c) any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of such offense; and (d) the gross proceeds of such offense.

53. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FIVE

54.     The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428, which requires the forfeiture of (a) any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, that constitutes or is derived from proceeds traceable to such offense.

55.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

30

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code,

Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ELEVEN

56.      The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count Eleven, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense,

or any property traceable to such property.

57.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWELVE

58.     The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Twelve, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

59.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R01374

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

ARCELIA HERNANDEZ-VELAZQUEZ, also known as "La Gordis,"
ERNESTO HERNANDEZ-VELAZQUEZ, also known as "Chapas,"

███████████████████████████████████████

Defendants.

## SUPERSEDING INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(i) and 1324(b); T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(6), 982(b)(1), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(c), 1594(d), 1952(a)(1)(A), 1952(b)(1), 1956(h), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)))

*A true bill.*

_____
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

*Margaret Lee & Erin Reid, Assistant U.S. Attorneys (718) 254-7000*