LEH:EMR
F. # 2018R01374

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

       - against -

ERNESTO HERNANDEZ-VELAZQUEZ,

             Defendant.

– – – – – – – – – – – – – – – – – X

PLEA AGREEMENT

19 CR 306 (S-1) (WFK)

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States Attorney's Office for the Eastern District of New York (the "Office") and ERNESTO

HERNANDEZ-VELAZQUEZ (the "defendant") agree to the following:

      1.    The defendant will plead guilty to Count Nine of the above-captioned

superseding indictment (the "Indictment"), charging a violation of 18 U.S.C. § 1591(a). This

count carries the following statutory penalties:

          a.    Maximum term of imprisonment: life
               (18 U.S.C. § 1591(b)(1)).

          b.    Minimum term of imprisonment: 15 years
               (18 U.S.C. § 1591(b)(1)).

          c.    Minimum supervised release term: 5 years, maximum
               supervised release term: life, to follow any term of
               imprisonment; if a condition of release is violated, the defendant
               may be sentenced to up to life without credit for pre-release
               imprisonment or time previously served on post-release
               supervision; if the defendant commits any criminal offense
               under Chapter 109A, 110, or 117, or Title 18, United States
               Code, Sections 1201 or 1591, for which imprisonment for a



COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 19CR306-1
DATE: 5/4/23
PENGAD 800-631-6989

term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a)
(18 U.S.C. §§ 3583(b), (e) and (k)).

d. Maximum fine: greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

e. Restitution: Mandatory in the full amount of each victim's losses as determined by the Court[1]
(18 U.S.C. §§ 1593, 3663A and 3664).

f. $100 special assessment
(18 U.S.C. § 3013).

g. Other penalties: removal, as set forth below in paragraph 8; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 et seq., as set forth below in paragraph 10; criminal forfeiture, as set forth below in paragraphs 6 to 7.

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity

---

[1] The defendant agrees and stipulates that for the purposes of restitution pursuant to 18 U.S.C. §§ 1593, 3663A and 3664, individuals identified in the indictment as Jane Does #2 and #4 will be entitled to claim restitution, as if they had been named in the count of conviction. The parties reserve the right to present evidence and arguments concerning the amount, if any, and payment terms of any restitution claims made by additional victims. Furthermore, the defendant agrees and stipulates that for the purposes of crime victim rights pursuant to 18 U.S.C. § 3771(e), Jane Does #2 and 4 will have the rights of a crime victim as set forth in 18 U.S.C. § 3771(a), as if they had been named in the count of conviction.

engaged in by the defendant, and such information may be used by the Court in determining

the defendant's sentence.  See 18 U.S.C. § 3661 ("No limitation shall be placed on the

information concerning the background, character, and conduct of a person convicted of an

offense which a court of the United States may receive and consider for the purpose of

imposing an appropriate sentence.").  The Office estimates the likely adjusted offense level

under the Guidelines to be 38, which is predicated on the following Guidelines calculation:

Sex Trafficking of Jane Doe #4 (Count 9)

| | |
|---|---|
| Base Offense Level (§§ 2G1.1(c), 2A3.1(a)(2)) | 30 |
| Plus: Offense Involved Conduct Proscribed in §§ 2241(a) & (b) (§ 2A3.1(b)(1)) | +4 |
| Plus: Serious Bodily Injury (§ 2A3.1(b)(4)(b)) | +2 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 38 |

As set forth in paragraph 9, a one-level reduction for a global resolution is applicable if the

conditions set forth in paragraph 9 are satisfied, resulting in an offense level of 37.  If the

defendant clearly demonstrates acceptance of responsibility, through allocution and

subsequent conduct prior to the imposition of sentence, a two-level reduction will be

warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 35 and a

range of imprisonment of 188 to 235 months, assuming that the defendant falls within

Criminal History Category II.  Furthermore, if the defendant has accepted responsibility as

described above, to the satisfaction of the Office, and if the defendant pleads guilty on or

before May 4, 2023 an additional one-level reduction will be warranted, pursuant to

U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 34.  This level carries a range

3

of imprisonment of 168-210 months, assuming that the defendant falls within Criminal

History Category II. However, because the statutory minimum sentence is 180 months, the

effective guidelines range is 180-210 months. The defendant stipulates to the above

Guidelines calculation.

        3.     The Guidelines estimate set forth in paragraph 2 is not binding on the

Office, the Probation Department or the Court. If the Guidelines offense level advocated by

the Office, or determined by the Probation Department or the Court, is, for any reason,

including an error in the estimate, different from the estimate, the defendant will not be

entitled to withdraw the plea and the government will not be deemed to have breached this

agreement.

        4.     The defendant agrees not to file an appeal or otherwise challenge, by

petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in

the event that the Court imposes a term of imprisonment of 235 months or below. This

waiver is binding without regard to the sentencing analysis used by the Court. The defendant

waives all defenses based on the statute of limitations and venue with respect to any

prosecution that is not time-barred on the date that this agreement is signed in the event that

(a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this

agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the

right to raise on appeal or on collateral review any argument that (a) the statutes to which the

defendant is pleading guilty are unconstitutional and (b) the admitted conduct does not fall

within the scope of the statutes. Nothing in the foregoing waiver of appellate and collateral

review rights shall preclude the defendant from raising a claim of ineffective assistance of

4

counsel in an appropriate forum.  The defendant waives any right to additional disclosure

from the government in connection with the guilty plea.  The defendant agrees that with

respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party"

within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file

any claim under that law.  The defendant agrees to pay the special assessment by check

payable to the Clerk of the Court at or before sentencing.  The defendant understands that he

may be subject to removal as set forth in paragraph 8 below.  Nevertheless, the defendant

affirms that he wants to plead guilty and to waive his right to appeal as set forth at the

beginning of this paragraph, even if the consequence is the defendant's automatic removal

from the United States.

     5.    The Office agrees that:

          a.    no further criminal charges will be brought against the defendant for (1) racketeering related to the Hernandez-Velazquez Trafficking Organization in or about and between March 2001 and September 2019; (2) racketeering conspiracy related to the Hernandez-Velazquez Trafficking Organization in or about and between March 2001 and September 2019; (3) sex trafficking conspiracy involving Jane Does #2, #3 and #4 in or about and between March 2001 and September 2019; (4) alien smuggling conspiracy in or about and between March 2001 and September 2019; (5) interstate prostitution conspiracy in or about and between March 2001 and September 2019; (6) sex trafficking, interstate prostitution and alien smuggling of Jane Doe #2 in or about and between January 2006 and September 2013; (7) sex trafficking, interstate prostitution and alien smuggling of Jane Doe #3 in or about and between January 2008 and September 2014; (8) sex trafficking, interstate prostitution and alien smuggling of Jane Doe #4 in or about and between January 2009 and July 2015; (9) money laundering conspiracy in or about and between March 2001 and August 2019; and (10) distribution of proceeds of a prostitution business in or about and between March 2001 and August 2019, it being understood that this agreement does not bar the use of such conduct as a predicate act

or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment and any underlying indictment with prejudice;

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

6.     The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 1591, as alleged in the above-captioned indictment.  However, the defendant states that there are no monies and/or properties owned by him or in which he may have an interest that are subject to forfeiture in this case.

7.     The defendant represents that he will disclose all of his assets to the United States on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement") on or before May 4, 2023 and will provide a copy to Assistant United States Attorney Erin Reid.  The defendant agrees that a failure to disclose all assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a material breach of this agreement.  Upon such a breach, the defendant will not be entitled to withdraw the

6

plea, but the Office may bring additional criminal charges against the defendant.  Should

undisclosed assets which the defendant owns or in which the defendant has an interest be

discovered, the defendant knowingly and voluntarily waives his right to any required notice

concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the

United States pursuant to 18 U.S.C. § 1594(d) and 21 U.S.C. § 853(p) as: (i) any property,

real or personal, that was involved in, used or intended to be used to commit or to facilitate

the commission of violations of 18 U.S.C. § 1591; and (ii) any property, real or personal,

constituting, or derived from, proceeds obtained directly or indirectly as a result of such

offences, or any property traceable to such property; and/or (iii) as a substitute asset.  The

defendant agrees that the forfeiture of said assets is not to be considered payment of a fine,

penalty, restitution loss amount, or any income taxes that may be due, and shall survive

bankruptcy.

        8.     The defendant recognizes that pleading guilty may have consequences

with respect to the defendant's immigration status if the defendant is not a citizen of the

United States.  Under federal law, a broad range of crimes are removable offenses, including

the offenses to which the defendant is pleading guilty.  Indeed, because the defendant is

pleading guilty to sex trafficking, removal is presumptively mandatory.  Removal and other

immigration consequences are the subject of a separate proceeding, however, and the

defendant understands that no one, including the defendant's attorney or the District Court,

can predict with certainty the effect of the defendant's conviction on the defendant's

immigration status.  The defendant nevertheless affirms that the defendant wants to plead

7

guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

        9.     If the defendants listed below (the "covered defendants") (a) enter guilty pleas, pursuant to plea offers authorized by the government, on or before May 4, 2023, and (b) those pleas are accepted by a United States District Court Judge at the time of the plea allocution, the government agrees to move for an additional one-level reduction of the defendant's adjusted offense level, pursuant to U.S.S.G. § 5K2.0.  The covered defendants are: Hugo Hernandez-Velazquez, Ernesto Hernandez-Velazquez and Arcelia Hernandez-Velazquez.  If fewer than all of the covered defendants satisfy conditions (a) and (b), or if any of the covered defendants subsequently seeks to withdraw his or her guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial.  The Office may also elect not to recommend a reduction under the Guidelines for a global disposition.  No covered defendant will have the right to withdraw his or her guilty plea in any of those circumstances.

        10.    This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

        11.    The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student.  The defendant understands that the requirements

for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

12.     Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties.  To become
effective, this agreement must be signed by all signatories listed below.


Dated: Brooklyn, New York
_____May 4____, 2023


BREON PEACE

United States Attorney
Eastern District of New York


By:   _____

Erin M. Reid
Assistant United States Attorney

Approved by:

__/s/_____

Lauren Elbert
Supervising Assistant U.S. Attorney


I have read the entire agreement and discussed it with my attorney.  I understand all of its
terms and am entering into it knowingly and voluntarily.

_____

ERNESTO HERNANDEZ-VELAZQUEZ
Defendant

Approved by:

_____

Steven Lynch, Esq.
Counsel to Defendant

Translated by:

_____