```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :    MEMORANDUM & ORDER
             v.                              :    19-CR-306 (WFK)
                                             :
ERNESTO HERNANDEZ-VELAZQUEZ,                 :
                                             :
                         Defendant.          :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 4, 2023, Ernesto Hernandez-Velazquez ("Defendant") pled guilty to Count Nine (9) of a Superseding Indictment, charging him with Sex Trafficking, in violation of 18 U.S.C. § 1591(a). Superseding Indictment ¶ 44, ECF No. 3; Plea Agreement ¶ 1, ECF No. 141. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 210 months of custody; five years of supervised release with both the standard and special conditions, excepting the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d); a $100.00 mandatory special assessment; a $5,000.00 special assessment under the Justice for Victims of Trafficking act of 2015, 18 U.S.C. § 3014; and restitution in the amount of $3,260,060.00 to Jane Doe #2.

## I. Background

From approximately 2001–2019, Defendant and three of his siblings (brothers Hugo and Giovanni and sister Arcelia) ran the Hernandez-Velazquez Trafficking Organization (the "Organization"), a criminal enterprise profiting from the forced prostitution of young women smuggled from Mexico into the United States without proper documentation. Presentence Investigation Report ("PSR") ¶¶ 4, 7, ECF No. 159. The Organization targeted women from poor communities without access to adequate education. *Id.* ¶ 4.

Defendant and his siblings entered into romantic relationships with potential victims, luring them away from their homes with promises of a better life in the United States. *Id.* ¶ 7. The Organization held its victims at houses in Tenancingo, Mexico, a town notorious for sex trafficking. *Id.* ¶¶ 5, 7. The victims were not allowed to leave or contact their families. *Id.* ¶ 7.

Once in the United States, many of the victims were sent to live and work at the Organization's headquarters on 26-14 18th Street in Queens, New York. *Id.* ¶ 8. The Organization used violence to force their victims to continue working as prostitutes, including physically beating them, forcing them to have abortions, and threatening to harm their families in Mexico. *Id.* ¶ 8. Defendant and his siblings took the money these women earned and distributed it to Hernandez-Velazquez family members in Mexico. *Id.* ¶ 12–13.

On October 8, 2019, the Government filed a twelve-count, then-sealed Superseding Indictment against Defendant, also known as "Chapas," and three co-defendants. The Superseding Indictment charged Defendant and his siblings with, among other activities, racketeering, racketeering conspiracy, sex trafficking, sex trafficking conspiracy, alien smuggling conspiracy, interstate prostitution conspiracy, money laundering conspiracy, and distribution of prostitution proceeds. *See generally* Superseding Indictment.

On May 4, 2023, Defendant pled guilty to Count Nine (9) of the Superseding Indictment, charging him with Sex Trafficking, in violation of 18 U.S.C. § 1591(a). Plea Agreement ¶ 1. The Superseding Indictment includes a criminal forfeiture allegation with respect to Count Nine (9), Superseding Indictment ¶¶ 50–51, which Defendant agreed to in the Plea Agreement, *see* ¶ 6. Also in the Plea Agreement, Defendant agreed Jane Doe #2 and Jane Doe #4 are entitled to claim restitution, as if they had been named in the count of conviction, and Defendant is obligated to pay restitution in the full amount of each victim's loss. Plea Agreement ¶ 1(e), n.1. Defendant waived his right to appeal or otherwise challenge his conviction if the Court imposes a term of imprisonment at or below 235 months. *Id.* ¶ 4.

Jane Doe #4 is the victim represented in Count Nine (9) of the Superseding Indictment. *See* Superseding Indictment ¶ 44. Defendant met Jane Doe #4 in 2008, when she was nineteen

years old and living in the United States. PSR ¶ 20. Jane Doe #4 returned to Mexico and started dating Defendant, who pressured her to return to the United States with him and earn money as a prostitute. *Id.* ¶ 21. On their way to the United States, Defendant and Jane Doe #4 stopped in Mexico City where Jane Doe #4 worked for two weeks as a prostitute. *Id.* Defendant took all the money she made. *Id.*

Once in the United States, Jane Doe #4 worked under the supervision of Defendant's brother, Hugo, in Atlanta, Georgia, seeing twenty to thirty clients per day and charging them $25.00 for fifteen minutes of sex. *Id.* ¶ 22. She sent Defendant $2,000.00 a month from her earnings. *Id.*

From 2009–2011, Jane Doe #4 was forced to work as a prostitute in several states, including Georgia, Alabama, Louisiana, Mississippi, North Carolina, Virginia, Maryland, Washington D.C., Massachusetts, and New York. *Id.* ¶ 23. She became pregnant with her first son in 2011; Defendant physically abused her throughout her pregnancy. *Id.* After giving birth in December 2011, Defendant moved Jane Doe #4 to Queens, New York, ordering her to return to prostitution to earn money for the baby. *Id.* She worked six days a week, with Defendant taking all the money she made. *Id.* In 2012, Defendant forced Jane Doe #4 to move with him to Charlotte, North Carolina, and to leave her baby in Queens for approximately six to eight months. *Id.* ¶ 24.

In December 2014, Jane Doe #4 gave birth to her second son. *Id.* Defendant again forced her to return to work after giving birth. *Id.* She tried to leave Defendant, but he threatened to remove her son from her custody. *Id.* ¶ 25. On July 29, 2015, Defendant beat and sexually abused Jane Doe #4 for refusing to have sex with him. *Id.* ¶ 66. Her sons were present. *Id.* Jane Doe #4's three-year-old cried for Defendant not to kill his mother. *Id.* Jane Doe #4 woke up naked on the floor of her bedroom. *Id.* Defendant prevented her from leaving or calling the police. *Id.* She

waited until he was asleep to dial 911. *Id.* Defendant was arrested and convicted in the Queens County Supreme Court for Criminal Sexual Act in the 1st Degree (Victim Physically Helpless) and Assault in the 2nd Degree (With Intent to Cause Serious Physical Injury). *Id.* ¶ 66.

## II. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## III. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

4

### 1. *Family and Personal Background*

Defendant was born on March 8, 1980, in Tenancingo, Mexico. PSR ¶ 73. He was raised by both of his parents in a lower-income household. *Id.* ¶ 73, 75. His father was a factory worker; his mother was a homemaker who worked odd jobs to help support the family. *Id.* Defendant reports having a good relationship with his father, who is aware of his arrest and supportive. *Id.* ¶ 73. Defendant's mother died while he was in custody. *Id.*

Defendant has four siblings. *Id.* ¶ 74. Three were involved in the instant offense. *Id.* The fourth is an attorney living in Mexico. *Id.* Defendant reports having a good relationship with each. *Id.*

Defendant has two children who live with their mother. *Id.* ¶ 77. He did not provide them financial support before his 2015 arrest. *Id.* Defendant is not a legal resident in the United States and faces an order of removal. *Id.* ¶ 76; Defendant Sentencing Memorandum ("Def. Mem.") at 3, ECF No. 187.

### 2. *Educational and Employment History*

Defendant graduated from high school in Mexico in 1998. *Id.* ¶ 83. While in custody, Defendant has worked in the kitchen and taken several classes, including Pre-Trial English as a Second Language (ESL) and Business Ethics. *Id.* ¶ 78. Before his arrest in 2015, Defendant worked various kitchen jobs in restaurants in New York. *Id.* ¶ 86.

### 3. *Prior Convictions*

The Court has already discussed Defendant's prior conviction in Queens County Supreme Court. *See supra* Part I.

### 4. *Physical and Mental Health*

Defendant is healthy. PSR ¶ 80. He has no treatment history of physical or mental health problems. *Id.* ¶ 81.

### 5. *Substance Abuse*

Defendant has no history of drug use and only consumed alcohol socially during celebrations once or twice a year. *Id.* ¶ 81–82.

### 6. *Nature and Circumstances of the Offense*

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense. He sex-trafficked vulnerable young women from poor communities in Mexico, violently forced them to work as prostitutes, and stole their money for personal gain. *See supra* Part I. He tormented Jane Doe #4, inflicting severe bodily injury from years of physical abuse and threatening to take away her children if she did not do what he said. PSR ¶ 39. The Court's sentence justly punishes Defendant for his crimes and will deter others from engaging in similar acts.

6

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count Nine (9) of the Superseding Indictment: Sex Trafficking, in violation of 18 U.S.C. § 1591(a). Superseding Indictment ¶ 44; Plea Agreement ¶ 1. This offense carries a minimum prison term of fifteen years (180 months) and a maximum prison term of life. 18 U.S.C. § 1591(b)(1). Defendant faces a minimum term of supervised release of five years and a maximum term of life. 18 U.S.C. § 3583(k). Defendant is ineligible for probation because Count Nine (9) of the Superseding Indictment is a Class A Felony. 18 U.S.C. §§ 3561(a)(1), (a)(3).

In addition to facing terms of imprisonment and supervised release, Defendant faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b). He owes a mandatory special assessment of $100.00 per count. 18 U.S.C. § 3013. He is subject to the provisions of the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014, instructing the Court to assess an amount of $5,000.00 per count on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). *See* 18 U.S.C. § 3014. According to Probation, Defendant's financial profile suggests he is unable to pay the fine, special assessment, or JVTA penalties. *Id.* ¶¶ 88–90.

Restitution is mandatory in this case. *See id.* ¶ 101; Plea Agreement ¶ 6. Jane Doe #2 submitted an affidavit to Probation demanding restitution for $3,392,726.00 in losses, consisting of: (1) $3,252,560.00 in money stolen or swindled; (2) $7,500.00 in medical expenses related to physical or emotional injury; and (3) $132,666.00 in lost income. Second Revised Sentence

7

Recommendation at 4, ECF No. 194. Pursuant to 18 U.S.C. § 3663A, restitution in an amount to be determined shall be ordered in this case. Probation states it will notify the Court when Jane Doe #4 submits her affidavit of loss. *Id.* at 4. The Court may then hold an evidentiary hearing within 90 days after sentencing, pursuant to 18 U.S.C. § 3664(d)(5), to determine issues of restitution.

In addition to these penalties, Defendant is required to register as a sex offender. *See* PSR ¶¶ 103–06.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guidelines provision for violations of 18 U.S.C. § 1591(a) is U.S.S.G. §2G1.1. U.S.S.G. §2G1.1(c)(1) states U.S.S.G. §2A3.1 applies in cases involving offensive conduct described in 18 U.S.C. § 2241(a)-(b) (Aggravated Sexual Abuse) or 18 U.S.C. § 2242 (Sexual Abuse).

Defendant has a base offense level of 30 pursuant to U.S.S.G. §2A3.1(a)(2). Four levels are added under U.S.S.G. §2A3.1(b)(1) for committing conduct described in 18 U.S.C. § 2241(a) and (b): Defendant physically beat Jane Doe #4 and threatened to take her son away from her if she did not continue to work as a prostitute. PSR ¶ 47, 55. Two levels are added under U.S.S.G. §2A3.1(b)(4)(B) because Jane Doe #4 sustained serious bodily injury from Defendant's ongoing physical abuse. *Id.* Two more levels are added under U.S.S.G. §3A1.1(b)(1) because Defendant knew, or should have known, Jane Doe #4 was a vulnerable victim. *Id.*

Three levels are removed under U.S.S.G. §3E1.1 for Defendant's timely acceptance of responsibility. Plea Agreement ¶ 2. One level is removed under Policy Statement §5K2.0 for the global resolution of this case. Third Addendum to PSR ¶ 108A, ECF No. 193. These reductions bring Defendant's total adjusted offense level to 34.

As discussed, Defendant has a prior criminal conviction. *See supra* Part I. All parties agree Defendant has a criminal history category of II. Third Addendum to PSR ¶ 108A; Gov't Mem. at 3; Def. Mem. at 1. A total offense level of 34 combined with a Criminal History Category of II results in a Guidelines range of 168–210 months' imprisonment. Because there is a statutory minimum sentence of 180 months' imprisonment, the effective Guidelines range is 180–210 months' imprisonment. U.S.S.G. §5G1.1(c)(2).

The parties' recommendations as to an appropriate sentence vary. Probation recommends a top-of-the-Guidelines sentence of 210 months' imprisonment followed by five years of supervised release with special conditions. Second Revised Sentence Recommendation at 1. Probation also recommends an order of restitution in an amount of $3,260,060.00, owed to Jane Doe #2, and payable at a rate of $25.00 per quarter while in custody and 10% of gross monthly income while on supervised release. *Id.* The Court may address restitution in a separate proceeding pursuant to 18 U.S.C. § 3664(d)(5).

Probation contends a sentence of 210 months' imprisonment recognizes the nature of the offense, the history and characteristics of this Defendant, and the need to promote general deterrence. Second Revised Sentence Recommendation at 4. Probation emphasizes Defendant helped run the Organization for at least eighteen years, and there are additional victims not accounted for in the Guidelines. *Id.*

Defense counsel requests a sentence at the bottom of the effective Guidelines range of 180 months' imprisonment; *i.e.*, the statutory minimum. Def. Mem. at 1. Defense counsel argues the statutory minimum sentence of fifteen years is sufficient because Defendant has been in custody since 2015: he was sentenced to five years in state prison for his brutal assault on Jane Doe #4 before being arrested for the instant offense and transferred to the Metropolitan Detention Center ("MDC"). PSR ¶¶ 76, 78. Defense counsel argues a sentence above 180 months' imprisonment would create unwarranted sentencing disparities because "[d]efendants in similar sex trafficking cases . . . have received sentences equal to or less than [Defendant's] total term of 20 years' imprisonment," including defendants "who subjected women to similar levels of violence." Def. Mem. at 5–6.

This Court has read and considered the letters written by Defendant's family, friends, and neighbors. *See* Def. Mem., Ex. C, ECF No. 187-1. They describe Defendant as hardworking, humble, and kind. This Court has read and considered Defendant's letter recognizing the seriousness of his offense and expressing remorse. *Id.* The Court has reviewed the dozens of Certificates of Completion exhibited to Defendant's submission. *See* Def. Mem., Exs. C–D, ECF No. 187-1, 187-2.

The Government recommends a sentence within the effective Guidelines range of 180–210 months' imprisonment. Gov't Mem. at 1. The Government argues a Guidelines sentence is necessary to specifically deter Defendant and generally deter the other sex-trafficking criminal organizations proliferating in Tenancingo, Mexico. Gov't Mem. at 5. The Government states "[s]ex trafficking is a hideous crime that strips its victims of their dignity and self-worth and exposes them to incurable disease, causing untold physical and mental injury. The trafficking of women from Mexico to the United States, in particular, is an inhumane trade that affects the

10

safety of women and communities in both countries. It is a crime that others should be strongly deterred from carrying out." *Id.*

The Court appreciates the parties' arguments and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation directs the Court to U.S.S.G. §5K2.2. PSR ¶ 108. Under U.S.S.G. §5K2.2, courts "may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range." Probation contends neither Defendant's Plea Agreement nor applicable Guidelines range accounts for the many unidentified young women trafficked by the Organization from 2001–2019. PSR ¶ 108.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Court has considered defense counsel's argument a prison term of 180 months is an appropriate because similarly situated defendants have been sentenced to the statutory minimum term. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). As explained, restitution is mandatory in this case under 18 U.S.C. § 3663A. The Court reserves its right under 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within 90 days after this sentencing to determine issues of restitution.

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to 210 months of custody; five years of supervised release with both the standard and special conditions; a $100.00 mandatory special assessment; a $5,000.00 special assessment under the JVTA; and restitution in the amount of $3,260,060.00 to Jane Doe #2. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addendums thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2025
Brooklyn, New York